UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(8) HOWARD JAMES BOYD,<br><br>Defendant. | 4:24-CR-40039-8-RAL<br><br><br>ORDER DENYING POST-SENTENCING<br>MOTION FOR CLARIFICATION |

On January 12, 2026, this Court sentenced Defendant Howard James Boyd to sixty months of imprisonment for conspiracy to commit money laundering followed by three years of supervised release. Docs. 312, 313. At the time of sentencing, Boyd had a total offense level of twenty-seven and was in Criminal History Category IV with an imprisonment range of 100 to 125 months. Doc. 301 at 34.

Boyd filed a post-sentencing pro se Motion for Clarification, Doc. 355, requesting that he receive credit for time served between December 20, 2024, to January 12, 2026. Id. at 1. Boyd made an initial appearance before Magistrate Judge Veronica L. Duffy on December 19, 2024, and was released on a Personal Recognizance Bond. Doc. 301 ¶ 4. After a Second Report of Apparent Violation was filed on July 29, 2025, a warrant was issued for bond violations. Id. ¶ 8. Boyd appeared before Judge Duffy on September 2, 2025, for a bond violation hearing and was ordered detained in United States Marshal Service custody. Id. ¶ 10.

After a district court sentences a defendant, the Attorney General, through the Federal Bureau of Prisons (BOP), has the responsibility for administering the sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). The BOP in the first instance calculates release dates and credit for programming, see 18 U.S.C. § 3624, not this Court. Title 18 U.S.C. § 3585(b) applies to credit determinations made by the BOP. Wilson, 503 U.S. at 333. Under § 3585(b) the BOP, not this Court, calculates the credit a prisoner receives for time served. Id. at 333–35. Thus, if a prisoner seeks to challenge the computation of his sentence, including seeking a sentencing credit based on a period of prior custody and a calculation of his release date, he must first exhaust the BOP's administrative remedies prior to seeking judicial relief pursuant to a 28 U.S.C. § 2241 petition. Id. at 335. This Court has only a very limited ability to reduce a sentence, and none of the grounds exist here. See U.S.S.G. § 1B1.10. Therefore, it is

ORDERED that the relief sought in Boyd's Motion for Clarification, Doc. 355, is denied.

DATED this 20th day of March, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE